JOHN ANDERSON *et al.*

*v.*

KELLA B. SMITH *et al.*

*Filed at Mt. Vernon  November 22, 1895.*

1. HOMESTEAD—*does not pass by deed from husband to wife.* A deed by a husband to his wife, in which she does not join, conveying lands. which embrace the homestead occupied by the family, is a nullity to the extent in value of the $1000 homestead, where possession of such homestead remains with the grantor.

2. SAME—*title descends to heirs notwithstanding unsuccessful attempt to convey.* Notwithstanding such conveyance, title in fee to the extent of the $1000 homestead remains in the grantor, and on his death descends to his heirs, subject only to the homestead and dower rights of the widow.

3. SAME—*attempt by widow to convey homestead—effect.* An attempted conveyance of such homestead by the widow of such grantor, after his death, is a nullity, she having no title to convey; and, for the same reason, a mortgage given by her thereon creates no lien.

4. SAME—*homestead and dower cannot be conveyed before assignment.* A widow's homestead and dower rights cannot be conveyed by her until they have been assigned.

5. SAME—*present value of lands is taken for homestead purposes.* In a proceeding by the children and heirs of a deceased grantor to set off a homestead attempted to be conveyed by him by a deed which, as to the homestead, was a nullity, it is proper for the commissioners to fix the quantity of land constituting the homestead by the present value thereof, instead of the value it had when the father died.

6. APPEALS AND ERRORS—*objection to report of commissioners must be made in trial court.* Objection by those entitled to a homestead, that the commissioners did not set off a sufficient quantity of land, will not be considered, on appeal, where no exception was taken to the commissioners' report in the trial court.

APPEAL from the Circuit Court of Williamson county; the Hon. ALONZO K. VICKERS, Judge, presiding.

CLEMENS & WARDER, for appellants.

DUNCAN & RHEA, and A. J. KIMMEL, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a decree in partition by the circuit court of Williamson county. The facts material to a decision of the cause as presented here are as follows: On the 13th of February, 1886, James T. Smith owned the north-east quarter of the north-west quarter, and the south-west quarter of the north-west quarter, and fifteen acres off the north side of the north-east quarter of the south-west quarter of section 35, township 10, north, range 13, east of the third principal meridian, in Williamson county, upon which he resided with his family, consisting of Nannie A., his wife, and appellees, his children. On that day he executed and delivered to his said wife a warranty deed to the premises. He continued to reside upon the same until his death, May 13, 1887. His widow and children continued to live there until January 2, 1889. On that day the widow, in consideration of $1600, executed and delivered to John Anderson a warranty deed to the whole of the lands, and with a part of the proceeds of the sale purchased another home, to which she removed with the family. With another portion of

the money received from Anderson she paid off a mort-
gage which she had executed upon the ninety-five acres
sold to him, amounting to about $700.    Subsequently
Anderson sold and conveyed this land to Charles W.
Hartline, for $3200.    This bill was filed by the children
of James T. Smith, as his heirs-at-law, alleging that the
deed from their father to their mother of February 13,
1886, in so far as it purported to convey the land and
buildings thereon, of the value of $1000, occupied at the
time as a homestead, was void, and seeking to have the
same set off to them.    The bill also asked that the dower
of the mother be assigned and partition made of the
lands so set off, and that an accounting be made of rents
and profits, etc.    Anderson and Hartline were made de-
fendants to the bill, and they, by their answer, denied
that the complainants were entitled to any portion of the
lands, and insisted that the deed from Smith to his wife
was a valid conveyance of all the lands therein described,
including the homestead.    They set up the fact that they
had made lasting and valuable improvements upon the
land, and denied that they were in any way liable to the
complainants for rents and profits.    They also filed a
cross-bill, setting up the payment of said mortgage out
of the $1600 paid for the land by Anderson and the pur-
chase of the other homestead with the balance of said
$1600, and asked that if the relief prayed in the original
bill be allowed the complainants therein, they, the com-
plainants in the cross-bill, be decreed a lien upon the
lands so set off, for the mortgage lien canceled with the
money so paid by Anderson, and that the balance of
the $1000 be made a charge upon the lands acquired by
Nannie A. Smith with the proceeds of the sale by her
to Anderson.    On the hearing the court found for the
complainants in the original bill, and appointed three
commissioners, with directions to first set off from the
ninety-five acres so much thereof, including the buildings
situate thereon, as would be of the then value of $1000,

and after having so set off that quantity of land, to assign dower and make partition thereof as prayed. It appears from the report of the commissioners that the buildings were situated on the fifteen-acre tract above described, and they assigned it to the complainants. They reported that dower could not be assigned or partition thereof made, and upon the approval of such report the premises were ordered sold. The cross-bill was dismissed for want of equity. Appellants, by their assignments of error, question the ruling of the court below on the original bill, and also in dismissing their cross-bill. Appellees assign cross-errors, under which they insist the circuit court erred in fixing the quantity of land which they were entitled to, by the value then instead of when the father died.

First, was the decree on the original bill proper? It must be accepted as the settled law of this State that a deed to a homestead by the householder, even to his or her wife or husband, not subscribed and acknowledged by such wife or husband, (possession not being abandoned or given pursuant to the conveyance,) is a nullity. (*Kitterlin* v. *Milwaukee Mechanic's Ins. Co.* 134 Ill. 647; *Barrows* v. *Barrows,* 138 id. 649; *Hagerty* v. *Hagerty,* 149 id. 655.) Under these decisions, if the homestead attempted to be so conveyed is worth not more than $1000 no title whatever passes, but if the lands conveyed exceed in value that amount then it passes only the excess over the homestead right. Therefore, the homestead of James T. Smith in the farm or lot of land on which he resided at the time of his death, to the extent, in value, of $1000, was wholly unaffected by his deed to his wife, and in the decision of this case must be treated precisely as though it had never been executed. The title in fee to such homestead being in James T. Smith at the time of his death, it then descended to his children and heirs-at-law, subject only to the homestead right and dower of his widow, Nannie A. Smith. Had the widow simply abandoned it there could

have been no doubt of the right of the children to have a partition of it, subject to her dower, and we are unable to see how her attempted conveyance to Anderson, having no title herself, can produce a different result. In so far as she attempted to convey the homestead her deed was a nullity, because she had no title which she could convey. As we have seen, she got no title to that part of the land by the deed from her husband. Her homestead rights and dower as his widow could not be conveyed by her until assigned. (*Best* v. *Jenks,* 123 Ill. 447.) Hence her deed, as to the homestead, conveyed nothing, and the rights of the heirs remained precisely as though she had moved off the land without attempting to make any disposition of it.

We have carefully considered the argument of counsel for appellants by which it is sought to maintain the position that Anderson got some title or interest in the homestead of which James T. Smith died seized by reason of the covenants in the deed to him by the widow, but we find in every instance it is successfully refuted by the fact that the deed from Smith to his wife was absolutely null and void.

We are of the opinion that the decree of the circuit court on the original bill is the logical and necessary result of the decisions of this court above cited.

As to the dismissal of the cross-bill little need be said. The mortgage, which was paid off out of the proceeds of the sale to Anderson, was executed by Nannie A. Smith, and, for the reasons already stated, created no valid lien upon the homestead, she having no title thereto. The title to the newly acquired homestead is not in the complainants in the original bill, and we know of no principle upon which the defendants can, by a cross-bill against them, obtain a lien upon property the title to which is in their mother. She, having conveyed property by warranty deed to which she had no title, is liable, in·an action at law, upon the covenants in her deed, and

in such an action the property purchased by her, as well as any other property owned by her, if not exempt from execution, may be sold to satisfy a judgment so obtained, but there is no principle upon which, in this action, a lien can be declared against that property.

As to the cross-errors assigned by appellees, we are of the opinion that the question sought to be raised is not so presented in this record as that it can be properly decided. If they desired to object that the commissioners had not set off to them a sufficient quantity of land, they should have excepted to their report, and thereby raised an issue for the decision of the court below, and having failed to do so they cannot raise the question now. (*McCracken* v. *Droit*, 108 Ill. 428.) We are also of the opinion that upon the allegations of the original bill and the facts of this case the commissioners were properly directed to set off the homestead on an estimate of the present value.

Some objection is made to the decree on the original bill fixing the amount of rents and profits to be paid, but we are unable to see wherein any substantial error was committed in that regard. While it is true that the decree of the circuit court, which we think must be affirmed, operates harshly upon appellants, that result is only such as follows in all cases where parties take title from one having no right to convey, and who may be irresponsible financially. We certainly have no power, if we had the disposition, to visit the results of whatever hardship may fall upon appellants on these minor children, who have been innocent of any wrong, and who, so far as this record shows, have derived no benefit whatever from the unauthorized sale of their inheritance.

The decree of the circuit court will accordingly be affirmed.          *Decree affirmed.*