WILLIAM JESPERSEN, Exr.

*v.*

JOHN MECH *et al.*

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

1. HOMESTEAD—*homestead does not pass by deed not joined in by wife.* A deed to homestead premises by the husband not joined in by the wife, even though the deed is to the wife, passes only the excess in value over a homestead estate of the value of $1000.

2. SAME—*when heirs are entitled to partition homestead estate.* The homestead estate to the value of $1000 remaining in the grantor by reason of his wife's failure to join in the deed descends to his heirs-at-law, and may be partitioned by them upon the abandonment of the same by the widow and children.

3. SAME—*value of homestead estate is a fixed quantity.* The value of the homestead estate, created by our statute, is a fixed quantity, which does not increase or decrease in proportion to the increase or decrease in value of the homestead premises.

4. SAME—*excess is determined by value of premises at time of partition.* In a proceeding to partition an unreleased homestead estate among the heirs-at-law, the amount of the excess in value over the homestead estate is determined by the value of the homestead premises as of the time when partition is sought, and not as of the time when the conveyance was made which left the homestead unreleased.

5. WIDOW'S AWARD—*creditors cannot compel the allowance of widow's award.* While a widow's award may be reached by her creditors after its allowance, yet she cannot be compelled to assert her claim to the award for the benefit of her creditors, nor can they assert it for her.

6. WAIVER—*when claim that incompetency of evidence was waived cannot be urged.* A claim that the incompetency of hearsay evidence was waived by counsel for the heirs in a partition proceeding cannot be urged against the infant defendants.

7. SOLICITORS' FEES—*when allowance of solicitor's fee in partition is proper.* Allowance of a fee to complainant's solicitor in partition is proper where the interests of the parties were set forth correctly in the bill and were so found in the decree and no substantial defense was interposed.

8. PARTIES—*when party cannot complain that he was not made a party as administrator.* One who is made a party to partition

proceedings as trustee in a deed of trust cannot complain that he was not made a party as administrator, where his appointment was made pending suit and no application was made to make him a party in his capacity as administrator.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

On August 5, 1903, appellees, as children and heirs of Johann Mech, filed their bill in the circuit court of Cook county to partition certain real estate in the city of Chicago known as No. 904 Wolfram street.

The facts upon which the bill is based are substantially as follows: Johann Mech was the owner of the real estate sought to be partitioned, on which he resided with his family as a homestead, and on March 20, 1893, he executed a quit-claim deed to the same to his wife, Marie Mech, but that deed was not signed by the wife. At the time of the conveyance the premises are now estimated to have been of the value of about $3500. Johann Mech and his family continued to reside upon the premises until April 29 of the same year, when he died intestate, leaving surviving him his widow, Marie, and Arthur, John, Charles and Mary Mech and Emma Brischke, his children and only heirs-at-laws, all being then minors. The widow and children continued to reside upon the lot until some time during the year 1902, (about ten months before the filing of the bill,) when they abandoned the homestead permanently. On July 22, 1893, Arthur Mech, one of the children, died testate, leaving as his only heirs-at-law his said mother and brothers and sisters. In April, 1895, the widow was married to Herman Strelow, but she continued to reside in said homestead, and on December 19, 1895, she and her said husband conveyed all her interest in the property by a trust deed to Henry P. Kransz, as trustee, to secure an indebtedness of $1600. On May 1, 1902, one Friedericka Hellmig, who was the owner of the indebtedness so secured, died, leaving a will, in which she

appointed the appellant herein as her executor. On June 15, 1903, prior to the bringing of this suit, he and the trustee, Kransz, filed a bill in the superior court of Cook county to foreclose said trust deed.

The bill for partition, in addition to the above stated facts, alleged that Emma Brischke, John Mech, Charles Mech and Mary Mech were each entitled to an undivided 7/30 interest in fee in said estate of homestead of the value of $1000; that Marie Strelow was entitled to the undivided 2/30 interest in said estate of homestead, and in addition thereto was entitled to the full excess in value of said premises over and above the sum of $1000, and she was also entitled to dower in the interests of Emma, John, Charles and Mary; that the trust deed was a lien on the entire interest of Marie Strelow and Herman Strelow, except the dower interest of said Marie, and the bill prayed for the assignment of dower and the making of partition.

Appellant, as executor of the last will and testament of Friedericka Hellmig, filed his answer, in which he admitted the allegations as to the ownership of the $1600 note and trust deed, and alleged that at the date of the death of said Johann Mech said premises were worth $3500, but had now depreciated in value and are not worth more than $1500; alleged that on August 10, 1903, Henry P. Kransz was duly appointed administrator of the estate of Johann Mech, deceased; that on August 24, 1903, a widow's award for the sum of $955 was duly allowed by the probate court of Cook county against the estate of Johann Mech, deceased, and in favor of his widow, Marie; that on the 25th day of August, 1903, the said Marie duly filed in the probate court her widow's election, electing to take the whole of said widow's award in money; that on August 27, 1903, appellant recovered a judgment by confession for $1659.30 against the said Marie and Herman Strelow, and that on September 2, 1903, he filed in the superior court of Cook county a creditor's bill based on the aforesaid judgment, and on the same

day caused service of process in said last mentioned proceeding to be had upon H. P. Kransz, as administrator of the estate of Johann Mech; that on September 4, 1903, Marie Strelow filed in the probate court of Cook county a release and waiver of her widow's award against the estate of said Johann Mech; that there was no consideration for said release and that the same was executed with the sole design to defraud appellant; denied that the said Marie Strelow and Mary, Charles, John and Emma Mech were seized of any part of the estate of homestead in said premises, and also that Henry P. Kransz was a necessary party to said partition proceedings. Upon issue being joined the case was referred to a master, and upon hearing he made his report finding the facts substantially as alleged in the bill. Objections to his report being overruled, they were renewed by way of exceptions and overruled by the court. Upon a hearing a decree of partition was rendered as prayed. To reverse that decree this appeal is prosecuted.

IVES, MASON & WYMAN, for appellant.

C. H. SIPPEL, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The first ground of reversal insisted upon by counsel for appellant is, that the court erred in refusing to estimate the value of the homestead and the interest of Marie Strelow conveyed by said trust deed, upon the value of the premises at the time of the execution of the quit-claim deed by Johann Mech to his then wife. They state their proposition on this point as follows: "When Mech died seized of the fee to the extent of $1000, which had not passed by reason of the defective deed made by him, that fee was encumbered by his homestead estate. But the homestead estate has been abandoned and become extinguished, so that it is no longer in existence. The question as to the proportionate shares of the

fee owned by the several parties interested therein at the present time must be determined by ascertaining the total value of the fee at the time of the conveyance by Mech, in 1893. As an interest in the fee to the extent of $1000 remained in him, if the property was then worth $3500, he was the owner of 10/35 and Mrs. Mech (now Strelow) of the remainder, or 25/35. Such would continue to be their respective proportionate interests, no matter whether the property subsequently increased or diminished in value. The decree appealed from, by confusing the homestead with the fee, has maintained an arbitrary value of $1000 on the fee left by Mech, regardless of the depreciation in the value of the property since, leaving the surplus above $1000, or 25/35 of the whole property, to bear the whole burden of depreciation in value to $1500."

We are of the opinion that the position is wholly untenable. It is not correct to say that the $1000 fee was encumbered by a homestead estate. The homestead itself was an estate in the premises "to the extent in value of $1000." That is, the lot and buildings thereon owned by Johann Mech and occupied by him as a householder having a family, as his residence, exceeding in value $1000, he was entitled to so much of said lot and buildings as would amount in value to $1000. The part of the lot of land exempted as a homestead might be much or little, but such part, by the terms of the statute, must have been to the extent in value of $1000. That exemption continued after the death of Johann Mech for the benefit of his wife and children so long as they continued to occupy the same or until the youngest child should become twenty-one years of age. That homestead right could only be released in the mode provided for in section 4 of the Homestead Exemption act, and whenever the premises, including the homestead, are sold or attempted to be conveyed without complying with that section, or whenever said premises are sold upon execution, the person having the homestead is entitled to an estate to be set off or allotted to

him to the extent in value of $1000, if the premises exceed in value that amount.

An attempt by the husband to convey the homestead without his wife joining in the execution of the deed, if the premises exceed in value $1000, as we have frequently held, conveys only the excess over and above the homestead of $1000 in value. The title to the homestead to the extent in value of $1000 in fee remains in him, and upon his death, and the abandonment of the same by the widow and children, descends to his heirs-at-law, and may be partitioned by them as in cases of any other inherited estate. The deed purporting to convey the premises being ineffectual except as to the excess, does not convey any definite or ascertained amount or quantity of the premises, but simply so much, if any, as exceeds in value the sum of $1000, and that excess can only be ascertained when an attempt is made to set off or allot the homestead estate. The question was presented in the case of *Anderson* v. *Smith,* 159 Ill. 93. There, by the assignment of cross-errors the appellees sought to question the correctness of the decision of the circuit court "in fixing the quantity of land which they were entitled to, (*i. e.,* the homestead,) by the value then instead of when the father died," but we held that the commissioners were properly directed to set off the homestead on an estimate of the present value. This rule can work no hardship to either party. When Johann Mech made his deed to his wife, she, or those claiming under her, had the right to have the homestead then set off to her, and, of course, the value of the respective parties would then have been determined by the value of the whole premises. (*Hotchkiss* v. *Brooks,* 93 Ill. 386; *Cutler* v. *Cutler,* 188 id. 285.) On the other hand, the householder, or those claiming under him, could have maintained a suit for partition at any time after the execution of that deed. (*Anderson* v. *Smith, supra; Gray* v. *Schofield,* 175 Ill. 36.) Both parties, however, having been contented to hold those interests in common, they could only

be determined in value by the value of the whole premises at the time the partition was sought. A moment's reflection will, we, think, show the impracticability of any other rule. To sustain the contention of appellant it would be necessary to hold in every case that the value of the premises at the date of the conveyance was the basis upon which the division should be made. In this case, on the estimated value by appellant's counsel, the widow would get 25/35 and the heirs 10/35. No matter whether the value of the property increased or diminished, under that contention the relative shares of the respective parties would remain absolutely fixed. If they increased in value, the estate of the heirs, when set off, would amount, in value, to more than $1000, whereas the statute is that they shall have a "homestead to the extent in value of $1000." If, on the other hand, as is claimed in this case, the property has decreased in value, their homestead estate would be less than that amount in value. The law is well settled that where the premises do not exceed in value the sum of $1000, a deed to the homestead not signed by the wife is a nullity and no title passes to the grantee, but where they do exceed in value that amount, the effect of the ·deed is to convey the excess over $1000, and no more. (*Anderson* v. *Smith, supra; Despain* v. *Wagner,* 163 id. 598; *Kitterlin* v. *Milwaukee Mechanic's Ins. Co.* 134 id. 647; *Barrows* v. *Barrows,* 138 id. 649.) That excess is only so much as remains after setting off the homestead estate. The court below determined the interests of the·parties on this theory, in doing which there was no error.

It is next insisted that the decree of the court below is erroneous for the following reason: "The allowance of the widow's award in favor of Marie Strelow against the estate of Mech, her former husband, constituted a lien in her favor upon the interest in said real estate left by Mech. Appellant, by obtaining judgment, filing a creditor's bill thereon and serving the administrator of Mech's estate, equitably garnisheed said claim of said Marie Strelow, and the court

should have so found." This position, we think, is wholly untenable. To re-call the facts bearing upon the question: The quit-claim deed was executed March 20, 1893. The husband died April 29, following. This bill for partition was filed August 5, 1903,—more than ten years after the execution of the deed and the death of the householder, during all of which time no steps were taken to administer upon the estate of Johann Mech. After the bill was filed, on August 10, 1903, Henry P. Kransz was, on his own motion, appointed administrator of that estate, and August 24, 1903, he procured a widow's award to be allowed to Marie Strelow, and her election to take the same in money, but shortly thereafter she filed a release and waiver of her award, which the court, on her showing that her election had been obtained by misrepresentations and fraud, allowed. The administrator appealed from that order and the appeal is still pending. Manifestly, the court below could not have found that the widow's award became a lien upon the homestead estate under this state of facts. There has been no allowance of the widow's award. The question of its allowance is still pending and undetermined in the circuit court. But the real contention of appellant seems to be that the decree of partition should have been postponed until his creditor's bill could be disposed of. It must be admitted that the administration upon the estate of Johann Mech was not for the purpose of settling his estate or obtaining the widow's allowance for her benefit, but to reach the homestead estate which had descended to the heirs, for the payment of the debt due from the widow and her husband. If the widow herself had attempted to administer upon her husband's estate more than ten years after his death, without any explanation for the delay and for the sole purpose of having her award set off and the homestead sold for its payment, she would clearly have been barred by her *laches.* Even if she had taken out letters of administration promptly upon his death and made no effort to have her widow's allowance set off until the lapse

of more than seven years, she would, under the repeated decisions of this court, by analogy of the lien of judgments and the limitations for entry upon and recovery of lands, have been barred. Certainly she, having the first right to administer upon her husband's estate, could not avoid the effect of those decisions by her unexplained delay in administering upon the estate for more than seven years. (*Furlong* v. *Riley,* 103 Ill. 628.) If the widow could not, under the facts of this case, obtain the allowance of her widow's award, manifestly her creditors cannot do so. The widow's award, under the statute, is for her benefit and that of her family, and while it may be reached by her creditors after it has been allowed, we know of no reason or authority for holding that she can be compelled to assert her claim thereto for the benefit of her creditors, and it is equally clear that her creditors cannot assert it for her.

In addition to what we have said, the proof offered before the master of the alleged proceedings in the probate court, etc., by the administrator, is incompetent and altogether unsatisfactory. It consisted of mere hearsay evidence, and while some contention is made that counsel for the heirs waive the incompetency of that testimony, such contention certainly cannot be made against the infant defendants.

Further objection is made by appellant to the allowance of a solicitor's fee to appellees' counsel. The decree rendered by the circuit court was in substantial conformity to the allegations of appellees' bill. The interests of the parties were correctly set up in the bill and were so found by the decree. No substantial defense was interposed by appellant, therefore there was no error in allowing a solicitor's fee to the appellees' solicitor. (Hurd's Stat. 1903, chap. 106, sec. 40, p. 1366.)

It is also insisted that Henry P. Kransz, as administrator of the estate of Mech, was a necessary party to this partition proceeding. Kransz is made a party as trustee under the trust deed, and at the time the bill for partition was filed

he was not administrator of the estate of Mech. There is nothing in the record to show that any application was made to the circuit court to make him a party after his appointment as administrator. He became administrator pending the suit, and as he was a party defendant in another capacity he has no grounds for complaint.

The decree of the circuit court will be affirmed.

*Decree affirmed.*