SAMUEL R. WHITE, Appellant, vs. T. P. BATES, Appellee.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. CONTRACTS—*a contract for sale of a homestead need not be signed by wife.* A contract for the sale of homestead premises which is not signed by the vendor's wife but which provides that the vendor will execute a warranty deed signed by himself and wife is binding upon the parties, and if the vendor complies with his contract and tenders a sufficient deed, signed by himself and wife, he has a right of action for damages against the vendee if the latter refuses to perform.

2. SAME—*a contract for sale of homestead, not signed by wife, may be specifically enforced as to excess over $1000 in value.* A contract for the sale of homestead premises which is not signed by the vendor's wife may be specifically enforced in equity by the vendee as to the excess over $1000 in value, and the conveyance will vest the fee in the complainant except as to such $1000.

3. SAME—*when failure to tender abstract and deed on day specified is not fatal.* Failure of the proposed vendor to tender his abstract of title and deed on the day specified in the contract of sale does not defeat the vendor's right to damages upon the refusal of the vendee to perform his agreement, where the delay was for the mutual convenience of both parties and performance on the day specified was waived by both.

4. ABSTRACTS OF TITLE—*when an abstract affords sufficient evidence of identity of parties.* An abstract of title showing that one "Gardner T. Gorham" accepted a conveyance from one "Samuel Durley" of an undivided half interest in land entered in the names of "S. Durley" and "G. T. Gorham," and that Gardner T. Gorham later executed a deed conveying the whole title, affords sufficient evidence of the identity of the parties, where for more than forty years neither S. Durley nor G. T. Gorham, nor any one claiming under them, has made any adverse claim to the premises.

5. SAME—*when an abstract sufficiently shows that trustee's sale was duly advertised.* An abstract of title showing that a trustee's sale, required by the deed to be advertised for at least twenty successive days, was advertised in a daily newspaper twenty successive *times,* is sufficient to show that the sale was duly advertised as required in the deed, where the sale has stood unchallenged for over thirty years, as it may be presumed in such case that the trustee performed his duty.

6. SAME—*when an objection that homestead was not released is not good.* An objection to an abstract of title, based upon the

ground that a deed by one grantor and his wife did not contain a release of the homestead, is not good, where a continuation of the abstract shows that the grantor and his wife were non-residents when the deed was made, and that upon the grantor's subsequent death in the foreign State he devised a homestead in that State to his wife.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

Samuel R. White, appellant here was plaintiff below, and T. P. Bates, appellee here was defendant below. The action was assumpsit to recover $1000 stipulated damages for the breach of a contract for the purchase of a house and lot and a barn and lot in White place, an addition to the city of Bloomington, Illinois. Appellant was the owner of the property, and on July 11, 1906, entered into a written contract with appellee to sell the premises to him for $12,-000. The appellant agreed to furnish an abstract of title brought down to date and certified to by a competent abstracter, showing a merchantable title, free and clear of encumbrances. Payment was to be made and the deed delivered on or before July 21, 1906, and by express provision of the contract the time of performance was made of the essence of the agreement. It was stipulated that if either party should fail or refuse to comply with the provisions of the contract the party so in default should forfeit and pay to the other party the sum of $1000, which sum was fixed and agreed upon as liquidated damages. It appears by way of recital in the contract that appellant and his wife occupied the premises as a homestead at the time the contract was executed. Appellant's wife did not join in the contract. Appellee refused to receive a deed executed by appellant and his wife containing a release of homestead, and this suit was brought to recover the stipulated damages. Upon a trial in the circuit court of McLean county without a jury the

court found the issues for appellant and rendered a judgment against the appellee for $1000. From this judgment appellee appealed to the Appellate Court, and that court reversed the judgment of the circuit court without remanding the cause. The case comes to this court on a certificate of importance signed by the judges of the Appellate Court for the Third District.

BARRY & MORRISSEY, for appellant.

D. D. DONAHUE, and S. P. ROBINSON, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

*First*—Appellee's first and most serious contention is that the contract, being for the sale of appellant's homestead, is void for the reason that the contract was not signed by appellant's wife. This is the view that seems to have been entertained by the Appellate Court. By the written contract appellant obligated himself to convey the premises to appellee "by a good and sufficient warranty deed containing the usual conditions in deeds, in said White place, executed by the party of the first part, together with the wife of said first party, in due form of law." Undoubtedly, if appellant had tendered a deed signed by himself, alone, he would be in no position to insist upon the acceptance of such deed by appellee or to recover any damages for appellee's failure to perform the contract; but the deed tendered by appellant was signed by his wife and was otherwise in formal compliance with the contract. It is not essential to the validity of a contract for the sale of real estate that the grantor should have the title at the time the contract is made. It is sufficient if, when the specified time arrives, he is able to tender, and does tender, a deed as required by his contract. (*Monsen* v. *Stevens,* 56 Ill. 335; *Lundahl* v. *Hansen,* 147 id. 504.) In *Plummer* v. *Rigdon,* 78 Ill. 222, this court held that a tenant in common who made a contract to convey the

entire common property was liable in damages to the pur-
chaser for all damages sustained for a breach of the contract
to convey the premises. In *Gale* v. *Dean,* 20 Ill. 320, the
right to recover damages for the breach of a contract to
procure a conveyance from a third party is sustained. It
does not follow that because appellee could not resort to
equity for the specific enforcement of this contract against
the wife of appellant the contract is for that reason illegal
and void. It may be conceded that appellant's wife was not
bound by this contract and that a bill for specific perform-
ance would not lie against her; but specific performance is
not the only remedy afforded by the law for the violation
of such an agreement. The ordinary action for resulting
damages is an appropriate, and in most cases an adequate,
remedy. This remedy would have been available to appel-
lee had appellant failed to comply with his contract. In this
regard there was mutuality both in the obligation and rem-
edy. If one may make a valid contract to convey land to
which he has no title, relying on his ability to acquire the
title before the time specified to convey, and the same is a
valid contract for the breach of which damages are recover-
able, we see no reason why the contract of one who owns
the fee is not sustainable on the same ground, where the
only condition wanting to his power to convey is that his
wife should join in such conveyance. If the contract in
question had been made between appellee and a third party
who had no title in these premises whatever, and such third
party had agreed to obtain the title from appellant and his
wife, under the law appellee could maintain an action for
the failure upon the part of such third party for all dam-
ages that he might sustain for a breach of that contract.
(*Gibson* v. *Brown,* 214 Ill. 330.) If this be good law, how
can it be said, with any show of reason, that the contract
with the owner is illegal and void?

While we do not think that the question whether appel-
lee would have had a remedy in equity for the specific per-

formance of this contract determines its validity, still, if that test be applied, the law is settled in this State by the case of *Watson* v. *Doyle,* 130 Ill. 415, that a contract for the sale of the homestead, signed by the owner of the fee, his wife not joining, will be specifically enforced in equity as to the excess over $1000 in value. The premises involved in this suit were sold for $12,000, and assuming that to be their value, appellee might have maintained a bill for the specific performance of the contract for a conveyance, which, when made, would have vested him with the fee simple title to the premises except $1000 in value. (*Gray* v. *Schofield,* 175 Ill. 36.) This deed would have made appellee a tenant in common with appellant and entitled him to the rights and remedies growing out of that relation. He might then have maintained a bill for partition under the authority of *Anderson* v. *Smith,* 159 Ill. 93; or, if the premises could not be divided, by the payment of $1000 appellant could be compelled to accept the same and surrender possession under the authority of *Wilson* v. *Illinois Trust and Savings Bank,* 166 Ill. 9; or the rights of the parties might be settled as to the homestead in the manner pointed out in *Hotchkiss* v. *Brooks,* 93 Ill. 386. Appellee has cited decisions outside of this State which we do not deem it necessary to examine or discuss, since we regard the question as settled by the decisions in this State.

Our conclusion is that the contract was valid and imposed on each party the duty to carry out its provisions, and that a failure of either party to perform gave a right of action to the injured party for damages, notwithstanding the fact that the premises were, at the date of the contract, a homestead and the contract was not signed by the wife of the owner.

*Second*—It is next contended by appellee that appellant did not present an abstract showing a good merchantable title to the premises. The circuit court held a proposition of law submitted by appellant to the effect that the abstract

furnished appellee showed a merchantable title to the prem-
ises in appellant, and refused a number of propositions sub-
mitted by appellee wherein the court was asked to hold
specific objections to the abstract fatal to the right of appel-
lant to recover.

Appellee objects to the abstract because he says that
there is no proof that the original patentees, S. Durley and
G. T. Gorham, are the same persons who afterwards con-
veyed the premises under the names of Samuel Durley and
Gardner T. Gorham. It appears from the abstract that
Samuel Durley entered the north-east quarter of the south-
east quarter of section 33, township 24, north, range 2, east
of the third principal meridian, April 10, 1835. This forty-
acre tract was entered in the name of Samuel Durley. The
land entry book shows that on January 4, 1833, S. Dur-
ley and G. T. Gorham entered the south-east quarter of the
south-east quarter of section 33, township 24, north, range
2, east of the third principal meridian. The abstract shows
that on March 22, 1837, Samuel Durley and Sarah A. Dur-
ley, his wife, conveyed the north-east quarter of the south-
east quarter above described to Gardner T. Gorham, and by
warranty deed acknowledged March 29, 1837, Samuel Dur-
ley and wife conveyed to Gardner T. Gorham an undivided
one-half of the south-east quarter of the south-east quarter
above described. It also appears from the abstract that
Gardner T. Gorham, and Elizabeth, his wife, conveyed all of
the foregoing premises to William Flagg on April 12, 1837.

In our opinion there is ample evidence afforded by this
abstract to warrant any reasonably prudent person in acting
on the assumption that S. Durley and G. T. Gorham, who
entered the south-east quarter of the south-east quarter, are
identically the same persons who afterwards conveyed said
tract under the names of Samuel Durley and Gardner T.
Gorham. We think this conclusion may well rest upon the
fact that Samuel Durley and Gardner T. Gorham assumed
to have an interest in the premises, and actually conveyed,

by warranty deed, the same lands within two or three years after the lands had been entered. The conclusion is also strengthened by the fact that Gardner T. Gorham accepted a conveyance from Samuel Durley of an undivided half interest in the forty acres that had been entered in the names of S. Durley and G. T. Gorham. If S. Durley was any other than Samuel Durley, Gardner T. Gorham, it is fair to assume, would not have accepted a conveyance from one who had no title, when his own connection with the title is such that he must have known who his co-tenant was. Gardner T. Gorham afterwards conveyed the whole title to this tract. Unless he was the identical G. T. Gorham who jointly entered the land in 1833, he assumed to convey all of the title when he only held a half interest under the deed from Durley. This evidence, while not absolutely conclusive, is, in our opinion, sufficient, when considered in connection with the lapse of time since these deeds were made, and the further fact that neither S. Durley nor G. T. Gorham, nor any one claiming adversely by, through or under them or either of them, has ever set up any claim of title to these premises since the conveyances made by Samuel Durley and Gardner T. Gorham, to warrant the conclusion that S. Durley and G. T. Gorham are the same identical persons who conveyed the premises by the names of Samuel Durley and Gardner T. Gorham. In the case of *Lyman v. Gedney*, 114 Ill. 388, this court held that the identity of certain parties who assumed to convey certain premises as members of the firm of Cushman, Eaton & Co. was established from the similarity of the names in both deeds and the fact that the grantors assumed to have an interest to convey in the property, and that no one had ever set up any claim adversely to the deed made, as a member of the firm, who had received the conveyance. In our opinion the objection made by appellee to the abstract above considered furnished no justification for his refusal to comply with this contract.

Appellee also objects to the abstract because, as he says, it fails to show that a sale made by virtue of a power contained in a trust deed was advertised as required by the terms of the trust deed. The trust deed provided that in case of foreclosure advertisement should be made in a public newspaper published in McLean county, for at least twenty successive *days*. The certificate of publication recites that the advertisement was published in Bloomington in a .daily newspaper for twenty successive *times,* the first publication being on the second day of October, 1876, and the last publication being on the first day of November, 1876. The certificate of publication was signed by W. O. Davis, publisher. The objections pointed out are, that "twenty successive times" is not equivalent to "twenty successive days," and that there is nothing to show that the newspaper was published in Bloomington, Illinois. These objections can not be sustained. The publication of a notice twenty successive times in a daily paper is equivalent to a publication for twenty successive days. The certificate of the publisher, when considered in connection with the advertisement to which it is annexed, is sufficient to show that the publication was made in Bloomington, Illinois. This sale was made more than thirty years ago and appears never to have been questioned in any proceeding brought for that purpose. The general presumption that a trustee performs his duty may be invoked in support of his action. Where an act is susceptible of two opposite constructions, one consistent with innocence and fidelity to duty and the other the reverse, the law presumes in favor of innocence and fidelity. (*Munn* v. *Burgess,* 70 Ill. 604.) Here the trust deed required a publication to be made in the city of Bloomington, McLean county, Illinois. It was the duty of the trustee to cause publication to be made in that city. The proof is that the publication was made in Bloomington. If the publication was made in Bloomington, Indiana, or Bloomington of any other State than Illinois, the trustee was guilty of a

violation of his plain duty. It must be presumed, in the absence of proof to the contrary, that the publication was made in the city of Bloomington, Illinois, as required by the provisions of the trust deed.

Appellee further objects to the abstract because a deed in the chain of title made in 1887 by Hiram Sibley and wife does not show that the grantors released the right of homestead in the premises. It appears from the continuations of the abstract that Hiram Sibley and wife resided in Monroe county, New York, at the time the deed was executed. It also appears that Sibley died in New York, leaving a will, in which he devised to his widow the testator's homestead property in Rochester, New York. We think the continuations to the abstract fully met this objection.

Appellee made a number of other objections to the abstract, all of which have had our consideration. None of them can be sustained. We have referred to such of them as seem to require discussion. To discuss all of them in detail would extend this opinion to an unreasonable length. Suffice it to say that we agree with the circuit court that the abstract showed a good merchantable title in appellant to the premises involved.

*Third*—It is finally contended by appellee that appellant did not furnish the abstract and tender a deed on the day specified in the contract. It is true that the abstract and deed were not tendered on the 21st, but the evidence satisfactorily showed that the delay was for the mutual convenience of the parties and that both parties waived performance on the 21st.

It follows from the views herein expressed that the judgment of the Appellate Court should be reversed and that of the circuit court affirmed, which is accordingly done.

*Judgment reversed.*