THOMAS GARWOOD, Plaintiff in Error, *vs.* SARAH E. GARWOOD *et al.* Defendants in Error.

*Opinion filed April 21, 1910.*

1. HOMESTEAD—*when a deed to homestead premises from husband to wife is void.* A quit-claim deed executed by a husband alone, conveying to his wife the homestead premises on which they reside, which are worth less than $1000, is void, and the fee in such premises descends to the husband's heirs upon his death, subject to the widow's right of dower and homestead, and the heirs have a right to partition subject thereto.

2. SAME—*purpose of allotment of homestead is to fix boundaries of estate.* Where one who has an estate of homestead in a tract of land worth more than $1000 dies leaving a widow, the estate of homestead vests in the widow immediately by operation of law, and the purpose of an allotment is not to vest such estate but merely to determine its boundaries.

3. SAME—*rule as to valuing property where homestead tract is worth more than $1000.* Where there is an estate of homestead in a single tract of land of greater value than $1000 an allotment is necessary to define the limits of the homestead estate, and in such case the value is to be determined at the time of the allotment and not as of the time of the death of the ancestor, whether there has been an increase or diminution in value of the premises since such death.

4. SAME—*when allotment is necessary before homestead estate can be conveyed separately from fee.* Where there is a homestead estate in a single tract of land worth more than $1000 the widow and heirs hold as tenants in common until there is an allotment of the homestead estate for the purpose of defining the limits, and until such allotment the homestead estate cannot be conveyed separately from the fee.

5. SAME—*if homestead premises are worth less than $1000 no allotment is necessary.* If the single tract of land in which there is a homestead estate is worth less than $1000 at the householder's death the boundaries of the homestead estate are already definitely fixed and no allotment is necessary, and the widow may avail herself of her rights without any proceeding for allotment or setting off the homestead.

6. SAME—*after boundaries of homestead are fixed, the rights of parties are not affected by changes in value of land.* The estate of homestead is not now a mere exemption but is an estate in land, and when the boundaries of such estate are once fixed, subsequent increase or depreciation in value of the land does not affect the respective rights of the widow and the heirs.

7. SAME—*when homestead is to be valued on basis of difference between value of premises and an encumbrance.* If an encumbrance placed upon homestead premises by the householder is paid by the widow after his death the homestead should be valued on the basis of the difference between the value of the property and the encumbrance.

8. SAME—*release of homestead is only operative with respect to some estate conveyed.* It is only where a deed conveys property in which there is an estate of homestead that a release of homestead is effective, and if a widow who has nothing to convey but her homestead, and a dower right subject thereto, reserves to herself, by the deed, the life use of the rents and profits arising from the premises, there is nothing upon which her release of homestead can operate.

9. SAME—*when deed from a widow does not convey anything.* Where a widow has an estate of homestead in an entire tract of land worth less than $1000 at the husband's death she may convey the homestead estate without any allotment being made; but a deed by which she purports to convey the premises and also reserves to herself the life use of the rents and profits arising from the premises, and which contains a release of homestead, conveys nothing, as the reservation includes all the interest the grantor has.

FARMER, C. J., dissenting.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. ALBERT M. ROSE, Judge, presiding.

SHAMHART & ISLEY, and FITHIAN & KASSERMAN, for plaintiff in error.

C. A. DAVIDSON, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error, Thomas Garwood, by his amended bill of complaint filed in the circuit court of Jasper county, alleged that his father, Charles E. Garwood, made and acknowledged a quit-claim deed of lands occupied by him as a homestead, of less value than $1000, to his wife, Sarah E. Garwood; that the deed was not subscribed or acknowledged by the wife and possession was not abandoned or given pursuant to the conveyance and the deed was not delivered; that said Charles E. Garwood died intestate on January 8, 1891; that afterward said Sarah E. Garwood executed and delivered to M. E. Jones a mortgage of a portion of said land to secure the payment of a note for $250, and later executed a warranty deed to her daughter Nora A. Adkins of the whole tract of land subject to said mortgage and reserving to herself "the life use of the rents and profits thereof." The bill prayed for a cancellation of the deed to Sarah E. Garwood and the mortgage to M. E. Jones and the deed to Nora A. Adkins, except as an extinguishment of the homestead estate of said Sarah E. Garwood and dower in the undivided fifth interest of Nora A. Adkins as one of the heirs of Charles E. Garwood, and for assignment of dower and partition of the premises. The widow and a brother and three sisters of the complainant, and M. E. Jones, were made defendants. The widow, Sarah E. Garwood, and Nora A. Adkins and M. E. Jones, answered, admitting the execution of the deeds and

mortgage but denying that the premises were of less value than $1000, and alleging that the widow paid a mortgage lien on the premises created by her husband, Charles E. Garwood. The cause was heard by the court and the bill was dismissed for want of equity. The record has been brought to this court as a return to a writ of error.

There were controversies at the hearing concerning the value of the property and whether the deed of Charles E. Garwood was delivered, but the facts as we find them from the evidence are as follows: Charles E. Garwood was the owner of a tract of 57½ acres of land in Jasper county, of less value than $1000, which was occupied by him as a homestead, and on December 24, 1889, he executed a quit-claim deed of the same to his wife, Sarah E. Garwood, in which she did not join. He continued to occupy the premises as a homestead until his death, on January 8, 1891. He had some property in Richland county and letters of administration were taken out in that county, but the homestead was not abandoned and the homestead estate did not pass by the deed, which was delivered before his death and was recorded after his death. He left Sarah E. Garwood, his widow, and the complainant, Thomas Garwood, and the defendants, Clara Bixler, Iva Sowers, Samuel Garwood and Nora A. Adkins, his children and heirs-at-law. The widow continued to reside on the premises as a homestead, and one of the daughters, Nora A. Adkins, has also resided there with her mother. There never was any allotment of homestead or dower. On September 24, 1907, the widow mortgaged 17½ acres of the premises to M. E. Jones to secure the payment of her note for $250, due five years after date, with seven per cent interest. She also executed a deed on March 21, 1908, to her daughter Nora A. Adkins of the whole tract of land, in consideration of one dollar and the assumption by the grantee of the mortgage, with this reservation: "The grantor reserves the life use of the rents and profits arising from said prem-

ises." The conveyance contained the statutory release of homestead.

The deed from Charles E. Garwood purporting to convey his homestead to his wife was void, and upon his death the fee descended to and vested in his five heirs, subject to the widow's right of dower and estate of homestead, (*Kitterlin* v. *Milwaukee Mechanic's Mutual Ins. Co.* 134 Ill. 647; *Anderson* v. *Smith,* 159 id. 93; *Gray* v. *Schofield,* 175 id. 36; *Shields* v. *Bush,* 189 id. 534;) and the heirs have a right to partition subject thereto. (*Brokaw* v. *Ogle,* 170 Ill. 115; *Miller* v. *Lanning,* 211 id. 620; *Whitaker* v. *Rhodes,* 242 id. 146.) There was no evidence as to the value of the 57½ acres of land at the time the deed was made to Nora A. Adkins or at the time of the hearing, but as the complainant was entitled to a partition and the court erred in dismissing his bill, questions will necessarily arise as to the extent of the homestead right, and whether Nora A. Adkins has any property or estate in the excess over $1000, if the property is of greater value.

Where there is an estate of homestead in a single tract of land of greater value than $1000 an allotment is necessary to define the limits of the homestead estate, and in such a case the value is to be determined at the time of the assignment and not at the time of the death of the ancestor. (*Anderson* v. *Smith, supra.*) The rule is the same whether there has been an increase or diminution in the value of the whole premises. In *Jespersen* v. *Mech,* 213 Ill. 488, the owner of premises of the value of about $3500, occupied as a homestead, made a quit-claim deed to his wife, which did not convey the homestead estate, and ten years after his death, when the property had depreciated in value to $1500, a bill was filed for partition. It was considered that the only practicable rule was to determine the value of the property at the time of the allotment, which could work no hardship to either party, as the

bill might have been maintained by either at any time after the death of the grantor in the deed. But the question in this case is a different one. If premises in which there is a homestead estate exceed in value that estate, the widow and heirs hold as tenants in common until a severance of their interests by setting off the homestead, (*Montague* v. *Selb*, 106 Ill. 49,) and where it is necessary that the homestead should be set off or assigned for the purpose of defining its limits, it is not such an interest as can be conveyed separately from the fee until it has been set off or assigned. (*Best* v. *Jenks*, 123 Ill. 447; *Lagger* v. *Mutual Union Loan Ass'n*, 146 id. 283.) Where one who has an estate of homestead in a tract worth more than $1000 dies leaving a widow, the estate of homestead vests in the widow immediately by operation of law, and the purpose of an allotment is not to vest such estate, but merely to determine its boundaries. (*Wilson* v. *Proctor*, 28 Minn. 13.) Where the whole premises do not exceed in value the homestead estate, the limits of the estate are already definitely fixed, and neither the widow nor heirs could have an allotment out of the premises. There would be neither reason nor justice in a rule requiring either party to incur the useless expense of a proceeding to declare an existing fact. Accordingly, it is held that no allotment is necessary where the premises occupied as a homestead do not exceed in quantity and value the homestead estate vested by law in the widow, and that she may avail herself of her rights without any proceeding for allotment or setting off of the homestead. (*Parks* v. *Reilly*, 5 Allen, 77; *Rogers* v. *Marsh*, 73 Mo. 64; *Jarrell* v. *Payne*, 75 Ala. 577; *Jackson* v. *Wilson*, 117 id. 432.) When the homestead right in this State was a mere exemption it was regarded in some cases as variable in extent and subject to contraction if the value became enhanced. Mr. Justice Breese, in *Stubblefield* v. *Graves*, 50 Ill. 103, said there might be a new allotment if the premises set off became

enhanced in value; that there was no hardship in that rule, for the reason that a debtor had no right to a homestead of greater value than $1000, and that if a homestead of that value was secured to him his rights were satisfied. Mr. Justice Walker, following that decision, said in *Haworth* v. *Travis,* 67 Ill. 301, that a rise in value of property after an allotment had been made would authorize a new appraisement and allotment; but the same justice afterward, in *Kenley* v. *Bryan,* 110 Ill. 652, doubted the right to have a re-assignment of homestead if the land allotted should increase in value, and suggested the obvious reason that if a new assignment should be had to reduce the quantity when the lands rise in value, justice would require a new assignment to increase the quantity if the land depreciates in value. If a new allotment would be justified upon an increase in value because the party entitled to homestead has got all the law allows him if he has a homestead of the value of $1000, it is equally clear that he has not got all the law allows him if the premises decrease in value below $1000. The estate of homestead, however, is not now a mere exemption but is an estate in the land, and when its boundaries have once been fixed, a rule which would permit it to be cut down on account of subsequent enhancement in value, or to be added to in case of depreciation, would be impracticable and lead to much embarrassment. It would be just as fair to enlarge the estate as to decrease it, which would unsettle titles, since the heirs could convey the fee after allotment or it may be sold in partition free from the homestead. In this case the premises were not worth $1000 when the estate of homestead vested in Sarah E. Garwood for her life, and the boundaries of the homestead estate must be considered as then fixed and determined by the law. There was nothing to which the deed of her husband could attach, and the fee descended to his heirs subject to her homestead estate and dower rights and could not be afterward divested as to any

part of it by any increase in value before the deed was made to Nora A. Adkins. Neither could the widow be deprived of any part of it by an increase in value before this proceeding. The answer alleged that the widow had paid an encumbrance on the homestead created by her husband, Charles E. Garwood, and if that fact had been proved, the homestead would be valued on the basis of the difference between the value of the property and the encumbrance. (*Kilmer* v. *Garlick,* 185 Ill. 406.) But there was no proof of the fact alleged and the whole value of the property was less than $1000.

The widow had nothing to convey but her homestead and a dower right subject to the homestead, which she might assign to the owner of the fee. She did not, however, undertake to convey the homestead estate or any other right which she had for her life. She reserved to herself by the deed the life use of the rents and profits arising from the premises, and one who has an unrestricted right to the use and enjoyment of real estate has the estate itself. The reservation included all that the grantor had in the way of homestead or dower, and there was nothing upon which her deed could or did operate. It is only where a deed conveys property in which there is an estate of homestead that the release is effective, and the release in her deed could not operate upon something not conveyed by it. As the release of homestead could only be operative with respect to some estate conveyed, and a life estate was reserved, there was nothing upon which the release of homestead could take effect.

It is averred in the answer that Charles E. Garwood mortgaged the premises to O. J. Bailey to secure a note for $250 for money borrowed, and after the death of the mortgagor his widow paid the mortgage, and in the brief for the defendants in error it is stated that the mortgage was given to Jones for money to pay off the mortgage to Bailey, and for that reason Jones should be protected. If

the facts stated are properly pleaded and established by evidence, the court can make such order as the principles of equity may require.

The decree is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed, and with leave to the defendants to make any desired amendments of the answer respecting the payment of the alleged encumbrance created by Charles E. Garwood with money borrowed from Jones, and to make proof of the facts relating thereto.          *Reversed and remanded.*

Mr. CHIEF JUSTICE FARMER, dissenting:

In my opinion no homestead having been assigned to Mrs. Garwood at the time she made the deed to her daughter she had no estate that she could convey, but her homestead estate could be released to the owner of the fee. (*Best* v. *Jenks,* 123 Ill. 447.) The grantee was the owner of the undivided one-fifth of the premises in fee. I do not agree with the opinion of the court that where the value of the whole premises in which the homestead estate exists does not exceed $1000 at the time the estate of homestead accrues, "the limits of the estate are already definitely fixed, and neither the widow nor heirs could have an allotment out of the premises, * * * and she may avail herself of her rights without any proceeding for allotment or setting off of the homestead." As I understand the law, assignment of the homestead in a proceeding for that purpose is the only method of definitely fixing its limits. A bill for that purpose may be maintained either by the widow or the heirs, and when the assignment is made it is based on the valuation of the premises at the time of assignment, without regard to the value of the premises at the time the homestead estate accrued. (*Anderson* v. *Smith,* 159 Ill. 93; *Jespersen* v. *Mech,* 213 Ill. 488.) But the court holds this rule does not apply if the entire homestead premises

did not exceed $1000 in value when the right accrued to
have the homestead allotted. Who is to determine whether
the premises exceed in value $1000, and how is it to be
determined except by a proceeding to assign the homestead?
If the law is as stated in the opinion of the court, a widow
entitled to an estate of homestead, if she is of the opinion
the premises are worth less than $1000, can take the hazard
of acting upon her opinion and not asking to have her
homestead allotted. If afterwards the premises greatly in-
crease in value and the heirs file a bill to assign homestead,
and the proof shows the premises were worth any appreci-
able sum above $1000 when the homestead estate vested, it
must be assigned on the basis of the value of the premises
at the time of the assignment. If the widow does not
choose to take that risk but files the bill herself, and the
proof shows the premises were worth not exceeding $1000
when the homestead accrued, her bill would have to be dis-
missed at her costs. In *White* v. *Plummer,* 96 Ill. 394, it
was held that where the homestead has been assigned and
set apart to the widow she can convey or lease it during her
life. It can readily be seen that it would be difficult for
her to find a purchaser when the estate had not been al-
lotted and set off, unless, possibly, where the value of the
premises was so much below $1000 that there could be no
dispute about it. In *Jespersen* v. *Mech, supra,* the home-
stead premises were worth more than $1000 when the
homestead estate accrued but had decreased in value at the
time of its assignment. In that case the court referred to
*Anderson* v. *Smith, supra,* where the premises had increased
in value after the homestead estate vested and before it
was assigned, and said the rule requiring the assignment
to be made on the basis of value at the time of allotment
could work no hardship to the owner of the homestead es-
tate or the owners of the fee, because either of them had
a right to have the homestead assigned at any time after

it accrued. I think the rule should be applied in the assignment of homestead in all cases, without regard to what the value of the premises may have been when the estate accrued.