# H. C. HOWARD *et al.*

## *v.*

## JAMES T. LOGAN.

HOMESTEAD—*benefit of exemption not lost by fire where intention to occupy is not abandoned.* Where a house, occupied by the owner with his family as a homestead, is destroyed by fire, and he makes preparations to rebuild on the same ground, and never acquires another homestead, or abandons the intention of again occupying the same premises as a homestead until he sells it, the purchaser will take it free of the lien of any judgment against the vendor, provided the value of the premises without the house, together with whatever insurance the owner may have received on account of the destruction of the house, do not, together, exceed the value of the homestead exempted by law.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. WOLFE, and Mr. I. W. LANGLEY, for the plaintiffs in error.

Mr. Z. S. SWAN, and Mr. P. LOCHRIE, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from the record in this case, that one Albert Bower owned and occupied for eight or nine years several adjoining lots in an addition to the town of Tolono, and was the head of a family, residing with the same in a house on the lots. The house and the furniture therein were insured, and on the 17th day of October, 1872, the house and contents were burned, and, subsequently, he received $1330 from the insurance company as the loss under the policy. He, it appears, lost this money in the winter of 1872–3, by speculating in cattle. This all occurred before Howard recovered his judgment against Bower, at the March term, 1873, of the county court.

After the destruction of his house by fire, Bower and his family resided in rented property on an adjoining block, and he procured lumber and material for rebuilding his homestead on the lots where his house had formerly stood. He occupied the ground by cultivating a part of it, and keeping his horses in a stable on it. Bower, being unable to rebuild, on the 6th of November, 1873, sold the lots to Logan, who paid for them $550. It appears that at the time of the fire, the lots, with the improvements thereon, were worth about $1200.

On the 31st of October, 1874, Howard caused an execution, previously issued on his judgment, to be levied on these lots together with other property, and the lots were advertised to be sold by the sheriff in satisfaction of the execution, on the 23d day of November of that year.

Logan, the purchaser from Bower, filed a bill to enjoin the sale, and to remove the levy as a cloud on his title, claim-

ing that the lots had not ceased to be Bower's homestead up to the time of his purchase, and being such, no lien of the judgment attached to the lots, and that he purchased and holds the title free from any judgment lien. On a hearing, the court below decreed the relief sought, and Howard and the sheriff appeal.

The question presented is, whether Bower, under the circumstances, lost his homestead right in the premises. If he did, then Logan took the title subject to the lien of the judgment; otherwise he acquired it free from such claim.

It is urged that the insurance money became exempt, and thus the exemption was transferred from the lots to the money, and that two such exemptions could not exist at the same time. In this case, the whole of the premises, including the house, were, it appears, worth but $1200, and the lots constituted $500, at least, of that value. This would then leave the house, under this estimate, to be worth $700. But Bower testified that he received $366 on the furniture and chattels burned in the house, which would leave the amount received on the house $964, which added to the value of the lots would be in value $1464, and the law then in force exempted a homestead of the value of not more than $1500 (see sec. 1, Sess. Laws 1871–2, p. 478). There was, then, received but $964 on the exemption of the lots and the house, whilst they were exempt to the amount of $1500. There can be no pretense for including the $366 received on personal property burnt, as that, if exempt, was because the property it represented was exempt under a different law.

Had Bower sold this property at any time before the house was burnt, under the previous decisions of this court the purchaser would have taken it free from the lien of the judgment, as it was worth less than the exemption in value. It was then his homestead, and would have so continued but for the fire, and the evidence shows that he, until about the time he sold to appellee, intended to rebuild and occupy it as a homestead. Nor did he acquire any other homestead. Suppose he had

left the property temporarily, and before returning to it with his family he had sold it, and it had been afterward destroyed by fire, would any one contend·that it would have thereby become liable to sale on execution? We presume not, in view of our previous decisions. In such cases, it has been held that the removal of the debtor with his family for a temporary purpose, with the intention of returning to and occupying it as a homestead, does not amount to an abandonment.

Here was property covered by the exemption, a portion of which is destroyed, rendering it impracticable to be occupied in the condition it is thus placed, and the owner, the debtor .and the head of the family never having intended to abandon it as a homstead, but intending to rebuild and to occupy it with his family as a homestead. In what does it differ, in principle, from the cases referred to, where he sells it to a *bona fide* purchaser? In the one case, he voluntarily leaves intending to return, and in the other, he is compelled, by circumstances over which he has no control, to cease to occupy the property, but never, until he sells, abandons the intention to return. We are, therefore, of opinion that Bower did not lose his right to claim and hold the lots exempt from sale under the homestead law.

Had the building been worth the amount of the exemption, and he had received that amount on the insurance for it, then a very different question would have been presented. But here, all he received for the destruction of the building, and the value of the lots added, did not exceed the amount of the exemption. Hence both were exempt, and so continued, and defendant in error acquired the title by his purchase in the same condition that it was held by Bower.

Nor does the fact that he lost or spent the insurance money received on the house, change the rights of the parties. Nor does the fact that Bower sold corn, and received a considerable sum of money for it, render this property liable to sale on the execution. The money he received for the corn was not exempt, and if Howard had his judgment whilst that money was in Bower's hands, this exemption law would have been no ob-

struction to his reaching it and rendering it liable to satisfy the debt.

The whole record considered, we perceive no error for which the judgment of the court below should be reversed, and it is affirmed.

*Judgment affirmed.*