CHARLES B. KETCHAM *et al.* Appellees, *vs.* LEWIS Y. KETCHAM, SR., Appellant.

*Opinion filed October 27, 1915.*

1. HOMESTEAD—*when leasing homestead is not abandoning it.* One does not abandon or lose his right of homestead by leasing the premises so long as he occupies a part of it as a homestead.

2. SAME—*when homestead is not abandoned though dwelling is destroyed by fire.* One who leaves the homestead premises because the dwelling has been destroyed by fire but never acquires another homestead and always claims a residence and votes in the township in which the homestead premises are situated, cannot be said to have abandoned his homestead right in the premises.

3. SAME—*when a householder need not account for insurance money.* A householder who occupies the homestead premises before allotment and improves the same has an insurable interest in the dwelling, and if it is destroyed by fire he is not required to account for the insurance money as part of the value of the homestead in a subsequent proceeding by the heirs for partition.

4. SAME—*section 7 of Exemptions act, as to homestead insurance, construed.* Section 7 of the Exemptions act, which provides that the insurance money on homestead buildings destroyed by fire shall be exempt to the same extent the buildings would have been, does not make the money received from the destruction of the dwelling, before homestead is allotted, a part of the realty, but means that the money shall be exempt from attachment or garnishment, subject to the rules governing the homestead.

5. SAME—*value of homestead premises to be determined as of the time of allotment.* If the homestead premises are worth more than $1000 the surviving husband or wife and the heirs hold the estate as tenants in common until the homestead is allotted, and the fact that the parties neglect to have the homestead allotted until after the dwelling is destroyed by fire does not change the rule that the value of the premises is to be determined as of the time of the allotment.

APPEAL from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

A. E. TAFF, for appellant.

JESSE HEYLIN, and FLOYD F. PUTNAM, guardian *ad litem,* for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellees, Charles B. Ketcham and others, filed a bill in chancery in the circuit court of Fulton county for partition of a tract of land of about nine acres situated in that county. They are heirs-at-law or claim under the heirs-at-law of Emma Ketcham, deceased. From the pleadings and proofs it appears that on May 15, 1902, the said Emma Ketcham died seized of the real estate in controversy, leaving her surviving the appellant, Lewis Y. Ketcham, Sr., her husband, and four children. Since her death one of the children has died, leaving a widow and four children, two of whom are minors. At the time of Mrs. Ketcham's death she and her husband were residing in the dwelling house on the premises. After her death the appellant leased the premises to a tenant, with whom he continued to reside in the dwelling house until the same was destroyed by fire, on September 13, 1912. After the residence was destroyed appellant took up his residence with a neighbor within a few rods of the premises, where he resided until in July, 1913, at which time he moved to the city of Canton, where he has since resided with a relative. He is

seventy-one years of age, and never at any time intended to abandon the premises or relinquish his homestead rights therein. Some years before the death of Mrs. Ketcham he made repairs and improvements on the dwelling house on the premises to the extent of about $500, and insured the dwelling house in his name for $700 in the Lewistown Mutual Insurance Company. The amount expended on the dwelling was not derived from the land but was pension money received by him from the government. He paid all the premiums on the insurance, and after the destruction of the house by fire he collected the full amount of the policy. Ever since the death of his wife he has rented the property and collected the rents from the same, paid all taxes and assessments levied against it, and kept up the interest on a mortgage indebtedness of $200 on the premises. His homestead in the premises was never set off to him nor was his dower ever assigned.

The cause was referred to the master in chancery to take the proofs and report the evidence, together with his conclusions as to the law and the facts. Evidence was heard and the master made his report, finding, among other things, that at the time of the death of Mrs. Ketcham she and appellant resided on and occupied the premises as a homestead; that after her death appellant continued to occupy the premises as a homestead until the destruction of the dwelling by fire, and that since the fire he has held possession of the premises and collected the rents, issues and profits therefrom; that he has never surrendered or abandoned his homestead rights therein and was entitled to homestead in the premises; that the aggregate amount received from rents, over and above the amount paid out for taxes, interest, etc., was $559.10, for which amount he should account in this proceeding; that he has collected $700 insurance on the dwelling on the premises, and that he should not be required to account for any portion of such insurance money.

Appellees filed objections to the master's finding, which were overruled and ordered to stand as exceptions in the circuit court. Appellant filed no objections before the master and no exceptions in the circuit court. Among the exceptions filed to the master's report by appellees was one to the finding that appellant was entitled to a homestead in the premises, and another to the finding that appellant should not be required to account for, as a part of his homestead, the $700 received from the insurance company. The court overruled the exception to the finding that appellant was entitled to a homestead and sustained the exception to that part of the report wherein the master found that appellant should not be required to account for the insurance collected as a part of his homestead. The court entered a decree ordering partition of the premises and directing that a homestead of the value of $300 be set off to appellant, found that he was entitled to dower, but made no finding and no order with reference to the matter of the rents received and retained by him. From this decree appellant has prosecuted his appeal to this court, and assigns as error that part of the decree requiring him to account for the insurance collected, as a part of his homestead. Appellees assign as cross-error the overruling of their exception to the finding that appellant is entitled to a homestead in the premises and the omission to make directions as to the disposition of the money collected by appellant as rents.

Appellees insist that appellant abandoned his homestead, because the evidence shows that the land was under lease and because appellant ceased to reside thereon after the destruction of the dwelling by fire. As to the question of abandonment because of the leasing, the law is well settled that one does not abandon or lose his right of homestead by leasing the premises so long as he occupies a part of it as his homestead. (21 Cyc. 610, 611.) That was the situation presented here so long as the premises were hab-

itable. On the question of abandonment because appellant failed to continue to reside thereon after the destruction of the dwelling house, we think the evidence wholly fails to show an intention on the part of appellant to abandon his homestead. The question of abandonment of the homestead is very largely one of intention, to be determined on the particular facts and circumstances of each case. (21 Cyc. 603, 604; *McBride* v. *Hawthorne*, 268 Ill. 456.) In the case of *Howard* v. *Logan*, 81 Ill. 383, in which the facts were somewhat similar to those in the case at bar, it was held that where a house occupied by the owner with his family as a homestead is destroyed by fire and he makes preparations to re-build upon the same ground, and never acquires another homestead or abandons the intention of again occupying the same premises as a homestead until he sells the same, the vendor could claim his homestead rights therein. In this case the evidence shows that appellant had no intention of leaving the homestead so long as the same was habitable, and that his removal therefrom was necessitated by the destruction of the dwelling, in which he had lived up to that time. His removal was involuntary. It was made necessary by circumstances over which he had no control. He was prevented from living on the premises for want of a house in which to live. He retained a residence thereon after the destruction of the dwelling in so far as circumstances would permit, visited the premises almost daily, and always claimed a residence and voted in the township in which the same were situated and claimed the property in controversy as his homestead. Under these circumstances we think the court did not err in holding that appellant had not abandoned his homestead and had a homestead right in the premises. (21 Cyc. 600.)

As to the insurance money, at the time the dwelling house was destroyed appellant's homestead had not been set off or allotted to him. The contract between him and the insurance company was a personal one of indemnity

and did not run with the land or the property situated on the land. (19 Cyc. 883.) Section 7 of chapter 52 of our statutes has no bearing upon this question. It does not make the money received from the destruction of the dwelling before the homestead is allotted a part of the realty. It provides: "Whenever a building, exempted as a homestead, is insured in favor of the person entitled to the exemption, and a loss occurs, entitling such person to the insurance, such insurance money shall be exempt to the same extent as the building would have been had it not been destroyed." This statute has no application to the case at bar. It only applies when the question arises between debtor and creditor after the homestead has been allotted or before the homestead has been allotted, where the value of the whole tract does not exceed $1000,—the value of the homestead interest. What is meant by it is, that the insurance money shall be exempt from attachment, garnishment or other process, the same as the homestead premises would be exempt from levy and sale on execution had they not been destroyed, and that such insurance money is exempt from garnishment and attachment, the same as the proceeds of the sale of a homestead are exempt for one year, as provided by section 6 of chapter 52.

It is the contention of counsel for appellees, and was evidently the theory of the trial court, that appellant was only entitled to a homestead of the value of $1000, and he having received $700 proceeds of insurance money, that amount should be applied on his entire homestead interest in the premises. But we do not think this position is tenable. Suppose the person entitled to homestead in premises enters before or after the allotment of such homestead, insures his interest for the full value of the homestead to which he is entitled, viz., $1000, and in the event of loss by fire collects that amount. Could it be said that under our homestead laws, such homesteader having received from the premises the value of a homestead in money, his

homestead rights would be thereby extinguished? Appellant had an insurable interest in the premises, (*Rockford Ins. Co.* v. *Nelson,* 65 Ill. 415,) and if the insurance company saw fit to issue him a policy of insurance and accept the premiums paid by him and pay him the entire amount of the insurance in case of loss, which it did, that was a matter entirely between appellant and the insurance company and should not be taken into consideration in this case in making an allotment of a homestead. Any one of the appellees, as well as the appellant, they being tenants in common, had an insurable interest in the property. Suppose one of the appellees had induced some insurance company to insure his interest for any amount, had paid the premiums and in case of loss had succeeded in collecting the entire amount of the insurance; could it be said, if a bill for partition were subsequently filed, that he should be charged with the amount that he had individually received by reason of such insurance? The insurance money received by appellant was a thing apart from his homestead interest or the interest of any of appellees in the premises and cannot be taken into consideration in this case. A homestead, under the present law, is an estate in land. It is a freehold. In *Hammer* v. *Johnson,* 44 Ill. 192, it was held that the owner of an undivided interest in property who procures insurance to protect his own interest cannot be compelled to account to his co-tenant in case of loss by fire. In *Harrison* v. *Pepper,* 166 Mass. 288, (33 L. R. A. 239,) it was held that a life tenant is not required to use the proceeds of insurance obtained by him on a total loss of the buildings insured in his own interest for their full value in re-building on the premises, and cannot be held accountable to the remainder-men for such money even if it amounts to more than the value of the life tenant's interest.

There is another reason why the money received from insurance should not be taken into consideration. Where the estate in which the homestead exists exceeds $1000 in

value, the widow and heirs hold the estate as tenants in common until the homestead is assigned or allotted to her, (*Garwood* v. *Garwood,* 244 Ill. 580; *Mason* v. *Truitt,* 257 id. 18;) and when it is allotted, its value is to be determined as of the time of the allotment. (*Mason* v. *Truitt, supra; Anderson* v. *Smith,* 159 Ill. 93; *Jespersen* v. *Mech,* 213 id. 488.) Appellees, as well as appellant, had a right to have a homestead set off to appellant and its limits defined at any time after the death of Mrs. Ketcham. They neglected to do that, and the fact that the property has since depreciated in value does not change the rule as to when that value is to be ascertained, under the uniform holdings of this court. *Garwood* v. *Garwood, supra.*

We think the court erred in deducting from the amount of appellant's homestead interest the amount received by him from the insurance because of the destruction of the building on the premises.

As to the cross-error assigned that the court did not find that appellant should be charged with the fair rental of the premises, exclusive of homestead, since the death of Mrs. Ketcham, that question is not properly raised by this record. All the present decree does is to determine whether or not the premises shall be partitioned and the interest of each party in the premises so to be partitioned. This the decree does. The question as to the accounting for the rents and profits received by appellant is not properly raised at this time but is a matter for adjustment in the final decree. That appellant should account for any excess of rent received over and above his interest in the premises and the amount paid out on account of taxes, interest, repairs, etc., does not seem to have been a controverted question in the lower court, and we have no doubt that such matters will be properly disposed of at the proper time.

For the error indicated, the decree must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*