# In the Matter of Sidney Heller, a dependent child. Jacob Allan Cohen, Appellant, v. Board of Commissioners of Cook County and Bessie Heller, Appellees.

## Gen. No. 25,210.

1. STATUTES, § 196*—*what is object of construction of statute.*
The object of construing a statute is to arrive at the purpose of the
Legislature.

2. PARENT AND CHILD, § 4*—*when mother is not entitled to pen-
sion.* On a petition to provide partial support for a mother pursu-
ant to Hurd's Rev. St. 1917, p. 281 *et seq.* [Callaghan's 1916 Stat.
¶ 3416(1) *et seq.*] held that subd. 6, sec. 11 [Callaghan's 1920 Stat.
¶ 3416(11)] of said statute does not entitle a widow to a decree
awarding her aid thereunder, where her equity does not exceed $1,000,
said statute providing in effect that a mother of minor children is to
receive support upon the decease of her husband, but that such
relief shall not be extended where the widow is owner of real or
personal property other than household goods, provided that the re-
lief is not to be denied if the widow is the holder of or entitled to
a homestead, under the exemption law of Illinois, or if said widow
is entitled to a dower right in real estate, the fair cash market
value of which does not exceed $1,000, where it appears that hus-
band and wife had joined in a mortgage releasing right of home-
stead; that said mortgage incumbered their property, which had a
fair market value of $5,500, to the extent of $5,300; that said mort-
gage had not been foreclosed; and that the widow was entitled to
possession under the Homestead Act.

3. HOMESTEAD, § 11*—*what is extent of homestead.* The estate
of homestead is an estate in land, and is the right of a widow to
occupy real estate of the deceased husband not to exceed $1,000 in
value.

4. INFANTS, § 4*—*what is effect of release of homestead as to
pension.* On a petition to obtain support of a mother, pursuant to
Hurd's Rev. St. 1917, p. 281 *et seq.* [Callaghan's 1916 Stat. ¶ 3416(1)
*et seq.*], which provides for such support where the husband is
dead and where there are children under 14 years of age, held that
the release in a mortgage or trust deed of a widow's right of home-
stead did not affect her right to occupy the property as a homestead
as long as the mortgage was not foreclosed, where it appeared that
husband and wife had owned real estate to the value of $5,500; that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

same had been incumbered to the extent of $5,300; that the wife had released her right of homestead in said instrument; that said mortgage had never been foreclosed; and that the relief in question was asked for on the ground that the widow's equity was less than $1,000.

Appeal from the Circuit Court of Cook county; the Hon. VICTOR P. ARNOLD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed October 6, 1920.

ANDALMAN & COHEN, for appellant.

MACLAY HOYNE, for appellee Board of Commissioners; ROBERT E. HOGAN and JOEL C. CARLSON, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Jacob Allan Cohen, a resident of Cook county, filed a petition in the circuit (juvenile) court of that county in accordance with the provisions of an act to provide for the partial support of mothers whose husbands are dead and who have children under 14 years of age, etc. (Hurd's Rev. St. 1917, p. 281 *et seq.*), and praying that the Board of Commissioners of Cook County be directed to provide and furnish aid to the mother of Sidney Heller. The case was heard upon a stipulation of facts, the relief denied and the petition dismissed, to reverse which this appeal is prosecuted.

It is agreed by counsel for both parties that the question to be determined is the construction of subdivision 6, sec. 11 of the Act above referred to (Laws of 1917, p. 221 [Callaghan's 1920 Stat. ¶ 3416(11)]), which is as follows: "(6) a mother shall not receive such relief who is the owner of real property or personal property other than the household goods, but no mother who shall be the holder of, or entitled to, a homestead under the exemption laws of this State, or who is the holder of, or entitled to a dower right in real estate, provided the fair cash market value of said real estate is not more than one thousand

($1,000) dollars, shall be denied relief under the provisions of this act." The facts as stipulated, so far as material, are these: Bessie Heller is a widow and has resided for more than 3 years continuously prior to the death of her husband, Meyer Heller, in Cook county; that she is a citizen of the United States and the mother of Sidney Heller, who was 10 years old at the time of filing of the petition; that the child resides with his mother and that it is for his welfare and best interest that he continue to do so; that there are three other children in the family, Henry aged 12, Robert 5, and Jacob 3; that unless relief is given as prayed for, the mother will be required to work regularly away from her home and from her children; that she is a proper person mentally, morally and physically to have the custody of them; that it is necessary that relief be granted to save the children from neglect; that she is not the owner of any real estate or personal property other than the household goods; that prior to the time of her husband's death he owned a piece of real estate in Cook county worth $5,500 and that he and his wife executed a mortgage or trust deed on said property to secure an indebtedness which amounts to $5,300; that in and by the mortgage or trust deed the dower and homestead rights were waived; that the mortgage has not been paid and that the widow has no money or property with which to pay it; that the holder "of the lien indebtedness * * * is now in possession of said real estate," and that the widow is in receipt of no moneys, rents, issues or profits from the real estate. It is further stipulated that the widow "is entitled to a dower and homestead right" in the real estate; that the fair cash market value of the real estate at the time of the husband's death was $5,500 and that it was incumbered for $5,300, leaving an equity of but $200.

The object of construing a statute is to arrive at

the purpose of the Legislature. "It is the intention of the lawmakers that makes the law." *Hoyne v. Danisch,* 264 Ill. 467; *People v. Fox,* 269 Ill. 300. The purpose of the act as stated in its title is to provide for the partial support of mothers whose husbands are dead when such mothers are citizens of the United States, residents of the county in which the application is made and have children that are under 14 years of age. Counsel for petitioner contends that the meaning of subdivision 6, sec. 11, is that where a widow applies for aid and the conditions required by the statute are present, she is entitled to a decree awarding her the aid where her equity in real estate does not exceed $1,000. We cannot agree with this contention, nor can we agree with the contention of the respondents, viz., that the statute is "clear, plain and unambiguous." We think the provision in question is very badly drawn. It provides that a widow who comes within the statute shall not receive any relief where she owns real estate and this, too, regardless of the value of it. This act was passed in 1913 and amended in 1917 by adding that no mother should be denied relief who is entitled to a homestead estate or who is the holder of or entitled to a dower right in real estate provided the fair cash market value of the real estate does not exceed $1,000. In this State the estate of homestead is an estate in land and is the right of a widow to occupy, after the death of her husband, real estate as a homestead not to exceed in value $1,000. *Garwood v. Garwood,* 244 Ill. 580. In the instant case it is stipulated that the real estate in which the widow has a homestead is worth $5,500, and the fact that she released her right of homestead in the mortgage or trust deed does not affect her right to occupy the property as a homestead until the mortgage is foreclosed. There is no intimation that the mortgage has been foreclosed, but it is stipulated that the mortgagee is in possession. How he came to

be in possession does not appear. We, therefore, hold that under the statute the mother having an estate of homestead in property worth $5,500 is not entitled to the relief prayed for. Furthermore, she has a dower interest in the same real estate and the statute says that where real estate in which the widow has a dower interest is worth more than $1,000, no relief can be had.

Since the relief prayed for cannot be awarded under the statute, the court properly dismissed the petition and the judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J., concur.