(No. 19846.—

MELISSA M. SCOGIN, Appellant, *vs.* JOE W. SCOGIN *et al.* Appellees.

*Opinion filed December 20, 1929.*

ENOCH BROCK, for appellant.

MAURICE B. STERN, and DWIGHT E. BEAL, for appellees.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

This is an appeal from a decree in partition of the homestead of Frank Scogin, deceased, in which his widow, Melissa M. Scogin, the appellant, was denied homestead.

The farm consists of approximately sixty-nine acres in McLean county. Frank Scogin was the owner of it at the time of his marriage to the appellant on October 14, 1903.

Shortly thereafter the husband and wife moved to the farm and lived there continuously until April 22, 1916, when Scogin was declared insane and committed to the State Hospital at Bartonville. The appellant was appointed his conservator. After some treatment he returned to his home, but on April 4, 1918, he was re-committed to the Jacksonville State Hospital and remained there until the time of his death, on March 8, 1927. The appellant remained on the farm until December, 1919, when she obtained employment as a practical nurse in Jacksonville. She has never returned to the farm to live, but has resided in Colorado, Florida, Springfield, Jacksonville, and visited from time to time in Bloomington. As conservator and administratrix she has continuously rented the farm to tenants from year to year. Two witnesses testified that she had told them that she did not intend to go back to the farm to live. She says that she does not remember making such statement, but she does stipulate in the record that she "never intended since the death of her husband to return and live personally and alone on the farm." She maintains that because she has no children and her nearest neighbor on the farm would be about one-half mile distant it is impracticable for her to live there.

The foregoing statement embraces the substance of all the facts that are necessary to determine the question before us. The question, briefly stated, is whether or not the appellant has abandoned her homestead in the land in question. She contends that the facts of her non-residence upon the land and of her intention not to return there to live do not constitute an abandonment of her homestead rights. With this contention we cannot agree. Section 1 of chapter 52 of our statutes provides that every householder having a family shall be entitled to an estate of homestead to the extent in value of $1000 in the farm or lot of land owned, etc., and occupied by him as a residence. Section 2 of the act provides that such exemption shall continue after

the death of such householder for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead. The appellant makes no claim that she has lived upon the premises in question since the death of her husband or that she has occupied them as a homestead, but she contends that because the farm house is somewhat isolated and because she is not competent to manage the farm she need not live upon the premises in order to preserve her homestead rights. In support of this contention she cites *Garwood* v. *Garwood,* 244 Ill. 580, *Walters* v. *People,* 21 id. 178, and *Dunbar* v. *Dunbar,* 254 id. 281.

In the *Garwood case* no question of abandonment was involved, the question there being a question of allotment. The case is therefore not in point and does not support the argument of the appellant.

The *Walters case* cited must be read in connection with *Walters* v. *People,* 18 Ill. 194, in order to gain a proper understanding of the question there involved. In that case, at the time of the husband's death the wife was about to be confined. Acting upon the advice of her physician she moved to the home of her father, a few miles distant, until after her delivery. For some months thereafter she was in ill-health and continued to live with her father, returning to the homestead some ten months after her husband's death. She intended at all times to return to the homestead, and did, in fact, return as soon as her health permitted. It was properly held in that case that there was no abandonment, as the circumstances justified her removal from the homestead and she intended to return. The case is not authority for appellant's proposition in the instant case, because here, by her own admission, she has never had any intention of returning to the homestead.

In the *Dunbar case* the wife removed from the homestead temporarily to care for her step-mother, who was ill. Before leaving she stored her household goods in one room, locked the house and retained the key. During her ab-

sence one of the heirs took possession of the premises and told the widow that if she ever came back he would "kick her off the place." In that situation this court properly held that the wife had not abandoned her homestead. This case is not authority for the appellant's contention.

It is difficult to see how the appellant could have more effectively abandoned her homestead rights. At no time since the death of her husband has she lived upon the premises. On the contrary, she has lived much of the time in other States. The question of abandonment is largely a question of intention, and in this case we think the appellant's intention to abandon her homestead is clearly apparent. The fact that the house was isolated and the fact that the appellant was not able to manage the farm are, we think, immaterial. The language of the statute is clear and unambiguous. It specifically provides that the surviving husband or wife may have the estate of homestead "so long as he or she continues to occupy such homestead." While this statute has been, and should be, liberally interpreted so as to give to the surviving spouse the fullest measure of protection under the act, we think the appellant's conduct is inconsistent with any reasonable interpretation of the act. We do not see how by any interpretation of the words of the statute she can be held to "occupy" the homestead within the meaning of that word as used in the act. We are of the opinion that she has not occupied the homestead within the meaning of the statute and that her conduct has effected an abandonment of the homestead. The cases of *McBride* v. *Hawthorne,* 268 Ill. 456, *Jackson* v. *Sackett,* 146 id. 646, and *Cabeen* v. *Mulligan,* 37 id. 230, are in accord with the conclusion we have reached.

The decree of the circuit court is affirmed.

*Decree affirmed.*