EVELYN LEAF, Plaintiff-Appellee, *v.* KENNETH BARTON, Defendant-Appellant.—(DONALD C. AHRENS *et al.*, Third-Party Plaintiffs, *v.* EVELYN LEAF *et al.*, Third-Party Defendants.)

Third District    No. 80-131

Opinion filed December 23, 1980.

John R. McClean, Jr., of Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island, for appellant.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County granting specific performance for appellee, Evelyn Leaf, in the contract between her and appellant, Kenneth Barton.

On April 30, 1969, Leaf entered into a contract with Donald and Clara Ahrens to purchase a parcel of real estate on which were situated buildings. The contract provided that it should not be assigned by the purchaser nor should the premises be resold by further land contract or otherwise, without the written consent of the seller first had thereto. In the event the purchaser violated this provision, the entire balance then became due.

On March 1, 1978, Leaf resold the property to Barton by contract for warranty deed. Barton breached the contract, and on April 5, 1979, Leaf filed a two-count complaint seeking a money judgment for the unpaid balance and interest to date and reasonable attorney's fees. On May 21, 1979, the Ahrenses filed a petition to intervene, which was granted. On June 21, 1979, the Ahrenses filed a complaint seeking forfeiture of the Ahrens-Leaf contract and a declaration that the Leaf-Barton contract was void. This was later amended to seek the additional remedy of specific performance. The case went to trial and on December 4, 1979, the trial court issued a memorandum opinion finding that the Leaf-Barton contract was valid, that Leaf had breached her contract with Ahrens and that Barton had breached his contract with Leaf. The court found that Ahrens was entitled to specific performance from Leaf and that Leaf was entitled to specific performance from Barton.

On appeal, Barton raises two issues: (1) whether there was a valid contract between Leaf and Barton; and (2) whether the court failed to apply the equitable maxim of "clean hands" in awarding the equitable remedy of specific performance. We affirm.

Appellant's first issue is whether there was a valid contract between Leaf and Barton. Appellant contends the contract is void because the contract between Leaf and the Ahrenses contained a provision requiring the Ahrenses' written permission for Leaf to resell the property. Since Leaf did not obtain the Ahrenses' permission to resell the property, appellant claims the contract between him and Leaf is void. We disagree.

■■ The restriction on the transfer of property is collateral to the main purpose of the contract between Leaf and the Ahrenses and was designed as a means of securing and enforcing performance of the contract. (See *Handzel v. Bassi* (1951), 343 Ill. App. 281, 99 N.E.2d 23.) In other words, it was designed to benefit the original vendors of the property, the

Ahrenses, not the third party, Barton, to whom the property was eventually resold. The contract between Leaf and Barton was independent of the contract between Leaf and the Ahrenses. Because Barton was not a party to the contract between Leaf and the Ahrenses, not was he a third-party beneficiary of the contract, he cannot invoke the terms of that contract to void the contract between Leaf and him. Therefore, the terms of the contract between Leaf and the Ahrenses do not render the contract between Leaf and Barton void.

Appellant also asserts that the contract between him and Leaf is void for lack of mutuality of assent. Defendant did not plead such a defense nor was the issue raised at trial. We therefore do not consider it on appeal.

■■ Finally, appellant contends the contract was invalid because Leaf contracted to give Barton a warranty deed even though she was unable to give him one until her contract with the Ahrenses was completely performed. However, in Illinois it is not essential to the validity of a contract to convey real estate that the vendor have title when the contract is made. It is only necessary that the vendor be able to tender the deed when the specified time to give a warranty deed to vendee arrives. (*White v. Bates* (1908), 234 Ill. 276, 87 N.E. 906.) Therefore, the contract is not invalid for this reason. In summation, there was a valid contract between Barton and Leaf.

■■ Appellant's second issue is whether the equitable doctrine of "clean hands" prohibits the trial court from awarding the equitable remedy of specific performance. Appellant claims that because Leaf breached her contract with Ahrens, Leaf has "unclean hands" and therefore she is not entitled to specific performance, an equitable remedy. The flaw in appellant's argument is that for the doctrine of "clean hands" to prohibit the award of an equitable remedy, a plaintiff requesting the equitable remedy must have "unclean hands" regarding his conduct towards the defendant. Iniquitous conduct towards a third party will not bar an equitable remedy between a plaintiff and defendant. While Leaf might have "unclean hands" with regard to the Ahrenses in the case at bar, there is no evidence that she acted iniquitously regarding the appellant, *i.e.*, she did not have "unclean hands" *vis a vis* the appellant. Therefore, the doctrine of "clean hands" does not bar the award of specific performance.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.